JOSEPH LELAND v. MARY KAUTH.

*Indecent assault—Cross-examination of defendant.*

In a civil action for an indecent assault it was *held* proper to cross-examine the defendant as to whether he was ever arrested on a criminal charge made by a woman, and whether he settled it by payment.

Where the defendant in a civil action for an indecent assault appears as a witness therein, it is admissible for its bearing on his credibility, to cross-examine him as to the antecedents of his life, if the questions do not call for self-crimination.

Error to Saginaw.   Submitted Jan. 12.   Decided Jan. 18.

CASE.   Defendant brings error.   Affirmed.

*Edget & Brooks* for plaintiff in error.   Evidence of defendant's reputation four years before trial is remote: *Keator v. People* 32 Mich. 486; and evidence of reputation in another county, five years before trial, is inadmissible in the absence of special circumstances: *Webber v. Hanke* 4 Mich. 198; such evidence, if admitted, is likely to bias the jury: *People v. Schweitzer* 23 Mich. 304.

*Herman Pistorius* for defendant in error.   A witness may be cross-examined as to his antecedents: *Hamilton v. People* 29 Mich. 183; *Clemens v. Conrad* 19 Mich. 174; *Threadgool v. Litogot* 22 Mich. 271; *Beebe v. Knapp* 28 Mich. 72.

GRAVES, C. J. The defendant in error brought this action for an indecent assault, and the parties were the main witnesses. In every essential matter they contradicted each other, and the result depended on their comparative credit in the opinion of the jury.

As bearing on Leland's trustworthiness as a witness, the court allowed him to be asked, on cross-examination, if he was ever arrested on a criminal charge wherein Amelia Rietsman was complainant and whether he settled it by the payment of money. He admitted that he was so arrested some nine years before and that he gave a little money to settle it, and denied that he was guilty.

The permission of these inquiries on the cross-examination is complained of on several grounds, but we think the criticism is not warranted. The jury were required to decide on the value of his testimony tendered in his own behalf and it was competent to call upon him to inform them of such antecedents of his life, not amounting to self-crimination, as would assist them in placing an accurate estimate upon his statements as a witness, and the questions objected to called for nothing more.

There was no error, and the judgment must be affirmed with costs.

The other Justices concurred.