## ANDERS v. CLOVER.

1. ASSAULT AND BATTERY—SELF-DEFENSE—RIGHTS OF PERSON AS-SAULTED.

One assaulted may justly exercise such reasonable force as may be, or as appears to him at the time to be necessary to protect himself from bodily harm in repelling the assault.[1]

2. SAME—EVIDENCE—BURDEN OF PROOF.

In an action for damages for assault and battery, it is incumbent on the one starting the affray to show, by a preponderance of evidence, that defendant in repelling such assault employed more force than was necessary.

3. SAME—EVIDENCE—SUFFICIENCY.

Evidence held, sufficient to show that plaintiff started the affray.

4. SAME—SELF-DEFENSE — EVIDENCE — INSTRUCTIONS — BURDEN OF PROOF.

An instruction that the fact that the defendant pleaded guilty in a criminal proceeding started against him by his

---

[1] On right of self-defense against assault provoked by abusive language, see note in 51 L. R. A. (N. S.) 838.

Generally, as to the right of accused who began conflict to plead self-defense, see note in 45 L. R. A. 687.

own procurement was not conclusive against his conten-
tion that he was acting in self-defense, and that it should
be given such weight by the jury as they believed it en-
titled to, was proper.

Error to Van Buren; Des Voignes, J. Submitted
October 11, 1917. (Docket No. 91.) Decided Decem-
ber 27, 1917.

Case in justice's court by Albert Anders against Roll
Clover for assault and battery. There was judgment
for defendant, and plaintiff appealed to the circuit
court. Judgment for defendant. Plaintiff brings
error. Affirmed.

*W. J. Barnard,* for appellant.

*C. M. Van Riper* and *Thomas J. Cavanaugh,* for ap-
pellee.

BROOKE, J. This case originated in justice's court,
where plaintiff filed a written declaration, claiming
damages in the sum of $100 as the result of an al-
leged unlawful assault and battery committed upon him
by the defendant. The jury in the justice's court re-
turned a verdict in favor of defendant. Plaintiff
thereupon appealed the case to the circuit court for the
county of Van Buren. At the trial in the circuit court,
plaintiff did not take the stand. He called defendant
as a witness, under the statute, and elicited testimony
from him tending to support the following facts: De-
fendant was standing on the sidewalk just outside the
door of a grocery store of which one McAllister was
proprietor. This entrance was protected by a heavy
screen door. Plaintiff in entering the door jerked the
screen door open violently, striking defendant on the
arm and inflicting a wound thereon of a more or less
serious nature, at the same time saying to defendant:
"Get out of the road, you big fat slob!" Immediately

thereafter plaintiff, being just inside the doorway, seized a small box and raised it as if to strike defendant, whereupon defendant struck plaintiff in the face, blacking one of his eyes. The parties thereafter, apparently by mutual consent, separated, and defendant requested one Olds, with whom he had been in conversation at the time the screen door was forcibly thrown against him, to accompany him to a justice of the peace and there make a complaint against him (defendant) for assault and battery. Olds made the complaint; the justice issued the warrant; the defendant was arraigned and pleaded guilty and was sentenced to pay a fine of $1 and costs of prosecution, taxed at 50 cents. Defendant immediately paid the fine and costs and was discharged. Plaintiff introduced no further evidence as to the affray, but did introduce the evidence of two witnesses who swore that they saw plaintiff within a day or two after the assault, and that he then had "a real black eye; a fairly black eye."

To the plaintiff's declaration the defendant interposed in justice's court verbally, the plea of the general issue. In his defense, in addition to testimony given by himself when called as a witness for the plaintiff, defendant introduced the testimony of several witnesses to the affray all tending in a greater or lesser degree to support his contention that plaintiff was not only the aggressor, having made an unprovoked assault upon him by violently jerking the screen door against his arm, but that plaintiff, at or immediately before the moment when defendant struck him, was in the act of further assaulting him with a box of some kind.

Plaintiff preferred the following request to charge:

"You are instructed that you must find a verdict for the plaintiff in this case, as the defendant cannot interpose the defense of self-defense, as no notice of such plea is set forth by defendant's plea. The only

question for you to consider is the question· of damages."

This instruction was refused by the court, and the case was submitted to the jury under a very careful charge, in which the jury were advised that the plaintiff would recover only if he had convinced them by a preponderance of the evidence that he himself was not the aggressor, or, if he were the aggressor, that the defendant in repelling his attack had used more force than was necessary. With reference to the fact that defendant had pleaded guilty in the criminal case which was started against him by his own procurement, the court advised the jury that his plea of guilty therein should be given such weight as they believed it to be entitled to, but that it was not conclusive against his contention that in making the assault upon plaintiff he was acting in self-defense.

In this court counsel for plaintiff contends broadly that, under the plea of the general issue, matters of justification cannot be given in evidence, but must be pleaded specially. In support of this proposition, many authorities from foreign jurisdictions are cited by plaintiff's counsel which will be found collected in 3 Cyc. p. 1084, but which we deem it unnecessary to discuss at large. No· case from this State is cited in support of the rule; but, assuming the rule to be as stated, we are unable to see how plaintiff is aided. His own testimony, or rather that offered in his behalf, shows that he made an unprovoked and unwarranted assault upon the defendant, at the same time addressing him in a scurrilous manner. There can be no doubt that one assaulted may justly exercise such reasonable force as may be, or as appears to him at the time to be, necessary to protect himself from bodily harm in repelling said assault. Assuming then, what the record conclusively establishes, that the plaintiff started the affray, it was incumbent upon him to show

by a preponderance of the evidence that the defendant in repelling said assault employed more force than was necessary. *Ayres* v. *Birtch,* 35 Mich. 501. This plaintiff utterly failed to do; indeed, having established the fact of his original trespass, he offered no excuse or explanation in palliation of his wrongful conduct.

We are of opinion that the learned circuit judge properly instructed the jury upon the question of the plea of guilty interposed by defendant in the self-induced criminal proceeding. Under the circumstances of the case as disclosed by himself, the plea could at most be considered as evidence of his guilt of the offense charged in the case at bar; the weight thereof being for the jury.

Judgment affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.