FINNER *v.* PORATH.

1. APPEAL AND ERROR—PARTY BRINGING MATTER INTO CASE MAY NOT COMPLAIN.

In an action for damages caused by assault and battery growing out of a dispute over a right of way, plaintiff was in no position to complain of the admission of testimony as to former differences over the same question,

where the matter was brought into the case by his attorney in his opening statement and by examination of witnesses.

2. EVIDENCE — ASSAULT AND BATTERY—EXPLANATION OF PLEA OF GUILTY PERMISSIBLE.

Where plaintiff 'in civil action for assault and battery brought out the fact that defendant had pleaded guilty to a criminal charge for the same assault, it was not error to allow him to explain that he did so because the judge told him that if he admitted it he would be given only a small fine.

Error to Wayne; Richter (Theodore J.), J. Submitted October 26, 1922. (Docket No. 42.) Decided December 5, 1922.

Case by William Finner against Herman Porath for damages for an alleged assault and battery. Judgment for defendant. Plaintiff brings error. Affirmed.

*Harry J. Lippman* (*Ralph W. Liddy*, of counsel), for appellant.

*Julius J. Thiede* (*Frank W. Atkinson*, of counsel), for appellee.

CLARK, J. This is an action for damages for assault and battery. Plaintiff was plowing out a ditch along a private right of way between the farm of his mother and the farm of defendant, in which right of way both owners asserted rights and concerning which there had been trouble and litigation between them. Defendant's wife attempted to stop plaintiff's plowing upon and across a way of defendant, as she claims, leading from such right of way to defendant's premises. Defendant came from his work to the scene of the trouble, claims that plaintiff assaulted his wife, whereupon he struck plaintiff. The defense, in the main, was that he struck in defense of his wife. There was a verdict of no cause of action upon which judgment was entered.

Plaintiff brings error and contends:

1. That it was error to receive testimony of the former differences relative to the right of way. The answer to this is that the matter was brought into the case by the opening statement of plaintiff's counsel and by his examination of witnesses.

2. Defendant was called for cross-examination under the statute and, examined by plaintiff's counsel, stated that he had been arrested for the assault and battery and that he had pleaded guilty and paid a fine. As to the incident defendant later testified over objection of counsel for plaintiff:

"*Q.* That is before Judge Monte?
"*A.* Yes.
"*Q.* He said if you admitted it he would give you a small fine?
"*A.* Yes, he said that would be all there would be to it.
"*Q.* Did the judge tell you that he would give you a small fine if you would plead guilty?
"*A.* Yes."

Plaintiff contends that this constitutes reversible error, citing *Breitenbach* v. *Trowbridge,* 64 Mich. 393 (8 Am. St. Rep. 829), where, in a civil action for assault and battery, it was said:

"The court also erred in permitting testimony to be given in relation to what took place in Justice Miner's court upon the trial there of a criminal action growing out of the same transaction.    It was proper to give all that the defendant said there by the way of admission, but what Justice Miner said to him was incompetent, and had a manifest tendency to prejudice the jury."

We have examined the record in that case. It is not authority for the contention here made. The rule is stated in 5 C. J. p. 685:

"Where defendant has pleaded guilty to a criminal charge of the same assault or battery, the record of

his conviction on that plea may be introduced as an admission on his part against interest, and is also admissible in rebuttal to contradict defendant; it is not conclusive, however, but is subject to explanation."

It was said in *Yeska* v. *Swendrzynski*, 133 Wis. 475 (113 N. W. 959), quoting from syllabus:

"In a civil action for assault and battery, where evidence was introduced of a criminal prosecution for the same assault in which defendants had pleaded guilty, it is not error to allow defendants to give explanation as to their reasons for such plea, consisting in pressure of farm work and expense of repeated journeys to the place of trial."

See, also, *Risdon* v. *Yates*, 145 Cal. 210 (78 Pac. 641); *Satham* v. *Muffle*, 23 N. D. 63 (135 N. W. 797).

The testimony was admissible.    No other question merits discussion.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, SHARPE, and STEERE, JJ., concurred.    MOORE, J., did not sit.