NIELSEN *v.* EILER.

1. ASSAULT AND BATTERY—ASSAULT WITH FIREARM—EVIDENCE OF INTENT TO DO PERSONAL HARM.

In action for damages alleged to have been caused by assault, evidence showing that defendant, while standing near plaintiff's bedroom window at 2 o'clock in morning, said if he had his gun he would put a hole right through her, following which he got his gun and fired at her or at least in her direction as she stood in window, was sufficient to show intent to do personal harm, constituting assault, and justifying verdict against him, although plaintiff was not hit, but injuries resulted from fright and shock.

2. SAME—TRIAL—INSTRUCTIONS—WILFUL AND MALICIOUS ASSAULT.
     In said action court properly charged that jury might con-
        sider whether assault was wilful and malicious, in view of
        evidence that defendant went to place where assault was
        committed because of ill will against plaintiff's employer,
        and other facts and circumstances justifying charge.

3. EVIDENCE—ASSAULT—RECORD OF CONVICTION IN JUSTICE'S COURT
     COMPETENT IN CIVIL ACTION.
     In action for damages alleged to have been caused by assault,
        record of proceedings in justice's court involving same in-
        cident, showing that defendant pleaded guilty to charge of
        intentionally, without malice, pointing or aiming firearm
        toward another person, was competent and properly ad-
        mitted in evidence.

4. APPEAL AND ERROR—NEW TRIAL.
     Where no exceptions were taken to order denying motion for
        new trial, it is not reviewable.

Error to Berrien; White (Charles E.), J. Sub-
mitted October 11, 1929. (Docket No. 69, Calendar
No. 34,493.) Decided December 3, 1929.

Case by Ingeborg Nielsen against William A.
Eiler for personal injuries due to alleged assault.
From a judgment for plaintiff, defendant brings
error. Affirmed.

*Gore & Harvey* (*Charles W. Gore,* of counsel), for
plaintiff.

*Alvah P. Cady,* for defendant.

McDONALD, J. This suit was brought to recover
damages which the plaintiff claims to have sustained
because of an alleged assault committed on her by
the defendant on August 20, 1928. At the time of the
assault, the plaintiff was a maid in the home of Mrs.
Kleppinger. The defendant and Mrs. Kleppinger
own adjoining lake resort properties in Berrien

county, Michigan. They were not friendly. It is the
theory of the plaintiff that about two o'clock in the
morning of August 20, 1928, the defendant and two
other men were in the road near the window of her
bedroom; that she was awakened by their loud talk;
that she heard the defendant say with much profan-
ity: "Get up you ——. If I just had my gun I would
put a hole right through her;" that she immediately
got up and awakened Mrs. Kleppinger; that in the
meantime the defendant went to his home and got
a revolver and flashlight and came back; that he
played the flashlight on the side of the house, and,
when plaintiff and Mrs. Kleppinger appeared in the
window, fired the revolver in their direction. The
plaintiff testified:

"It was fired in the direction of the window. I
was this way where he fired at the window at me. He
played the flashlight, pointed the flashlight and fired
the gun."

The plaintiff was not hit, but she says she was
greatly frightened and shocked, that she became
sick, was compelled to give up her employment, and
was taken to the hospital, where she was treated for
acute hysteria. For her injuries and for money
spent in endeavoring to be cured, the jury awarded
her $950.

In his defense the defendant introduced testimony
tending to show that he did not commit the assault;
that at the time in question he was entertaining two
friends, who spent the night with him; that, while
sitting in his home with them, they heard a shot
and a scream and went out to investigate, but did not
learn who did the shooting. His testimony was cor-
roborated by the two friends and a milkman who was
delivering milk in the neighborhood at the time.

After verdict, the defendant filed a motion for a new trial on the ground of alleged errors by the trial court and because the verdict was against the overwhelming weight of the evidence. This motion was denied. To review the judgment entered, the defendant has brought error.

Several of the assignments of error have as their basis the claim that there was no evidence of an assault. In his brief, counsel for the defendant says:

"There being no evidence of assault on the plaintiff, it was error for the court to allow questions by the plaintiff relative to her condition and over objection allow the answers to be received as to her mental condition and fright. Errors 5, 6, and 7. For the same reason the court was in error in charging the jury that they had a right to assess damages arising out of fright and mental shock."

It seems to be counsel's contention that no assault was committed because the evidence does not show an intent to do the plaintiff violence. Usually the intent is shown by the act, the kind of weapon used, the manner of using it, and all of the attending circumstances. In this case the defendant expressed his intent to do violence when he said, "If I just had my gun I would put a hole right through her." Following this, he got his gun and fired at her, or at least in her direction, as she stood in the window. An intention to do her personal harm could hardly be expressed more plainly. If the facts stated by plaintiff were true, he was guilty of an assault. The court correctly so held.

It is further claimed that the court erred in charging the jury they might consider whether the assault was wilful and malicious.

There was evidence from which the jury could find that the defendant went to the place where he com-

mitted the assault because of ill will against Mrs. Kleppinger. His language before he fired the shot showed a wilful, malicious, and wicked purpose. These and other facts and circumstances shown by the evidence justified the charge of the court.

The day following the assault, Mrs. Kleppinger went before a justice of the peace and made complaint against the defendant. A warrant was issued and defendant appeared with his present attorney. A day was set for the hearing. When they again appeared, the prosecuting attorney and defendant's counsel held a conference and it was agreed that, if the charge was reduced to an offense cognizable by a justice of the peace, the defendant would plead guilty and pay a fine. The records of the justice show the following entry:

"On motion of George H. Bookwalter the charges against Mr. Eiler was changed to read that on August 20th, 1928, at the township of Chikaming and the county aforesaid one William A. Eiler did then and there intentionally without malice point or aim a firearm toward another person and the said accused person did then and there plead guilty to such charge."

Over the objection of counsel for the defendant, the justice court proceedings were received in evidence. He complains that the proceedings were void because the justice had no jurisdiction; that they were not competent evidence and were very harmful to the defendant. We are unable to follow counsel in his argument on this assignment. It appears to us to be wholly without merit.

No exceptions were taken to the order denying the motion for a new trial. Therefore it is not reviewable.

We have examined all of the other alleged errors, and think they do not merit discussion. The defendant has no good reason to complain of the trial and verdict. Instead of feeling aggrieved, he should be glad that he was a poor shot.

The judgment is affirmed, with costs to the plaintiff.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.