## SCHUDLICH v. YANKEE.

1. GARNISHMENT—INSURANCE—AUTOMOBILES.

In garnishment proceedings by party injured as result of automobile collision with insured, plaintiff is not a party to latter's policy of public liability insurance and the garnishee may rely on insured's breach of conditions which relieve it from liability thereunder.

2. INSURANCE—AUTOMOBILES—INTOXICATING LIQUORS—GARNISHMENT—ESTOPPEL.

Insured under automobile public liability policy whose car injured plaintiff, who was arrested and pleaded guilty to charge of driving while under the influence of intoxicating liquor as he had done on five former occasions, and who failed to explain immediately to insurer the circumstances under which such plea was entered upon latter's denial of liability *held,* estopped to claim insurer liable in garnishment proceedings brought by injured party.

3. ESTOPPEL—SILENCE.

An estoppel arises when one by his silence, when he ought to speak out, intentionally or through culpable negligence, induces another to believe certain facts exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if former is permitted to deny the existence of such facts.

Appeal from Manistee; Cutler (Hal L.), J. Submitted June 19, 1935. (Docket No. 120, Calendar No. 38,472.) Decided September 9, 1935.

Garnishment proceedings by Henrietta Schudlich, by Emil Schudlich, her next friend, against Herman Yankee, principal defendant, and State Farm Mutual Automobile Insurance Company, garnishee defendant. Verdict and judgment for plaintiff. Garnishee defendant appeals. Reversed.

*Campbell & Campbell* and *Belcher & Hamlin,* for plaintiff.

*Mason, Alexander, McCaslin & Cholette,* for garnishee defendant.

Nelson Sharpe, J.   On April 26, 1934, the plaintiff secured a judgment by default against the defendant Herman Yankee in the sum of $6,000 for damages sustained by her on March 21, 1934, by his automobile colliding with one in which she was then riding.

On May 3d, following, a writ of garnishment was issued and served upon the defendant, State Farm Mutual Automobile Insurance Company, hereafter called the defendant, which had issued a policy insuring Yankee against liability resulting from all accidents by reason of his ownership of the car he was driving, not exceeding $5,000 on account of the injuries sustained by one person.   The defendant denied liability.   On trial before a jury the plaintiff had verdict and judgment for $5,000.   The defendant appealed therefrom.

The policy contained the following provisions: The insurer agreed:

"To defend in the name of the assured, any suits which may be brought against the assured by reason of any such accident even if such suit is groundless, false, or fraudulent.

"*Terms and conditions forming a part of this policy.* (1) (Risks not assumed by the company. The company shall not be liable and no liability or obligation of any kind shall attach to the company for losses or damage.) (d) (Caused while the said automobile is being driven or operated by any person whatsoever either under the influence of liquor, or drunk or violating any law or ordinance as to age or driving license, or under the age of 14.)"

It is undisputed that soon after the accident Yankee was taken in custody by the under-sheriff of the county and lodged in jail; that the next morning the under-sheriff made a written complaint to a justice of the peace charging him with driving his automobile at the time of the collision, while under the influence of intoxicating liquor, on which a warrant was issued; that when brought before the justice, Yankee pleaded guilty to the charge and was sentenced to pay a fine of $100 and costs amounting to $5.95, and in default thereof to be imprisoned in the county jail until it be paid not exceeding 90 days; and that the fine and costs were paid on April 20th and the defendant discharged from custody.

The issue presented is whether the defendant is liable to Yankee under the terms of the policy issued to him. The plaintiff was not a party to the policy and the defendant may here rely on Yankee's breach of the provisions relieving it from liability to the same extent that would be available to it had Yankee paid the judgment and brought an action to recover under the policy. *Voss* v. *Stranahan,* 248 Mich. 390; *Musser* v. *Ricks,* 271 Mich. 174; *Zabonick* v. *Ralston,* 272 Mich. 247.

On April 6, 1934, 15 days after his conviction, the defendant wrote Yankee a letter reading as follows:

"This is with reference to an accident in which your Ford truck was involved on March 21st. This vehicle appears to be insured with this company under policy No. 748454–Mich.

"Immediately upon receipt of information regarding the occurrence of this accident a complete investigation was made. We have now received information which shows that as the result of your condition at the time of this accident you were charged with driving a motor vehicle while under the influence of intoxicating liquor, and that you

entered a plea of guilty to this charge in the justice court of Aug. Greve, justice of the peace in the city of Manistee, Michigan, under date of March 30, 1934.

"If you will refer to the terms of your policy, you will note that it is specifically provided thereunder that the company shall not be liable, and no obligation of any kind shall be attached to the company for losses or damage 'caused while the said automobile is being driven or operated by any person whatsoever either under the influence of liquor or drugs, etc.'

"Therefore, on account of the information above referred to and by reason of the policy contract above referred to, there is no liability on the part of this company to protect you for any claims that may be made against you for damages or injuries resulting from this accident.

"We take this means of advising you that you are not entitled to protection at the hands of this company on account of the accident above referred to."

On April 16, 1934, after plaintiff's suit had been begun, the defendant again wrote him:

"We are today in receipt of declaration referring to two suits which have been instituted against you in the circuit court for the county of Manistee, Michigan.

"It is clearly evident that the plaintiff in this case is alleging injuries as a result of an accident involving your truck which occurred on March 21st.

"Under date of April 6th we directed a letter to you informing you that because of a violation of terms of your policy, we were unable to afford you any protection.

"We feel that our letter fully and clearly outlined our position, and we are unable to take any action toward protecting your interest in connection with the suit.

"We are therefore returning the declaration in which you have been named defendant by Henrietta Schudlich, by Emil Schudlich, her next friend, as plaintiff, in one suit, and Emil Schudlich as plaintiff in the other suit."

To these letters Yankee made no reply.

Testimony was admitted on the trial which tended to show that Yankee was not under the influence of intoxicating liquor at the time of the collision. He testified that he was not; that he had had two drinks earlier in the day and that he would not have pleaded guilty had he fully understood the nature of the charge against him. He admitted that on five former occasions he had pleaded guilty to a similar charge before the same justice.

Counsel for the plaintiff rely upon the rule of law that such a plea is subject to explanation. *Finner v. Porath,* 221 Mich. 28. If this rule be here applied, notwithstanding the fact that Yankee had on occasions prior thereto pleaded guilty before the same justice to a similar charge, it did not relieve him of the duty of making such explanation to the defendant when he was informed by it that it would not defend the action brought against him by reason of his violation of the terms of the policy in this respect. Clearly it was his duty then to speak and inform the defendant that his plea of guilty was made under the circumstances he now testifies to.

In *Kole* v. *Lampen,* 191 Mich. 156, this court said:

"It is a familiar rule of law that an estoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is per-

mitted to deny the existence of such facts.  16 Cyc. pp. 722, 723.  See, also, Bigelow on Estoppel (5th Ed.), p. 570; *Dann* v. *Cudney*, 13 Mich. 239 (87 Am. Dec. 755); 11 Am. & Eng. Enc. Law (2d Ed.), pp. 427, 428; 16 Cyc. pp. 759, 769.''

Applying this rule to the undisputed facts in this case, it seems clear that defendant's motion for a directed verdict should have been granted.  The judgment is reversed and set aside, with costs to defendant, and the cause remanded to the trial court with direction to enter a judgment in its favor.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.