## PEOPLE *v.* FRANCHI.

1. Criminal Law—Plea of Nolo Contendere—Common Law—Discretion of Court.

    The plea of *nolo contendere* originated in the common law, and was recognized as an implied confession of guilt, permitted only in certain misdemeanors not punishable by imprisonment, and being discretionary with court whether it should be accepted or rejected.

2. Same—Pleas of Nolo Contendere—Common Law.

    A plea of *nolo contendere,* upon being accepted by court at common law, was taken as a tacit admission of guilt, and the court was authorized to pronounce sentence without further pleading.

3. Same—Statutes—Pleading.

    Legislature has recognized the fact that there is no good reason to recognize a plea which is neither a plea of guilty, or of not guilty, and has specifically provided a procedure in the event a defendant shall refuse to plead or answer or shall not confess the indictment to be true (CL 1948, § 767.37).

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 497, 498.
    Plea of nolo contendere or non vult contendere.  89 ALR2d 540.
[2] 21 Am Jur 2d, Criminal Law § 501.
[3] 21 Am Jur 2d, Criminal Law §§ 458, 484, 498.
[4] 21 Am Jur 2d, Criminal Law § 498.

4. SAME—PLEA OF NOLO CONTENDERE.

> The plea of *nolo contendere* is not recognized in this State, as our statute provides that upon arraignment the accused may enter a plea of guilty, not guilty, or stand mute, in which event a plea of not guilty is entered by the court, as the plea of *nolo contendere* serves no useful function that present procedure does not afford, and our criminal procedure is best served by not validating or fostering further "in between" pleas such as *nolo contendere* (CL 1948, § 767.37).

Appeal from Kent; Vander Wal (John H.), J. Submitted Division 3 May 10, 1966, at Grand Rapids. (Docket No. 1,245.) Decided June 14, 1966.

Anthony Michael Franchi entered a plea of *nolo contendere* to a charge of larceny in a building. Defendant appeals from sentence of 2 to 4 years in prison. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Fred D. Falkinburg,* Assistant Prosecuting Attorney, for the people.

*J. M. Catchick,* for defendant.

FITZGERALD, J. The appellant, charged with the crime of larceny in a building,[*] was arraigned in circuit court for the county of Kent on May 21, 1965, and entered a plea of not guilty without benefit of counsel.

On June 30, 1965, appellant was again arraigned on the same charge, still unrepresented, and upon his request the plea of not guilty was set aside and a plea of *nolo contendere* was entered for him. The matter was then referred to the probation office for

---

[*] CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592).—REPORTER.

presentence investigation and report. Appellant was subsequently sentenced to a term of from 2 to 4 years at the State Prison of Southern Michigan.

The prime question raised before this Court on appeal is whether it is proper to accept a plea of *nolo contendere* to a felony charge carrying a possible prison sentence, and to treat such a plea as a guilty plea.

Little authority is to be found on the efficacy of this plea and the matter is *res nova* before an appellate court of this State. Accordingly, the thrust of our discussion and opinion must necessarily be directed toward the prudence and advisability of recognizing a plea of *nolo contendere* to a felony charge carrying a possible prison sentence and whether judicial sanction of such a plea is desirable.

The sole authority for such a plea in Michigan is found in an opinion of the Attorney General for the year 1915, p 249, the headnote therein stating, "A plea of *nolo contendere* is recognized by the United States district courts and is permissible in like misdemeanors not requiring a prison sentence and at the option of the court."

On the other hand, CL 1948, § 767.37 (Stat Ann 1954 Rev § 28.977) provides as follows:

"When any person shall be arraigned upon an indictment, it shall not be necessary in any case to ask him how he will be tried; but if, on being so arraigned, he shall refuse to plead or answer or shall not confess the indictment to be true, the court shall order a plea of not guilty to be entered and thereupon the proceedings shall be the same as if he had pleaded not guilty to the indictment."

It will be noted that our statutory law in Michigan is completely silent on the question of a *nolo contendere* plea.

As pointed out in the Attorney General's opinion, *supra,* the plea of *nolo contendere* originated in the common law and was there recognized as an implied confession of guilt and was permitted only in certain misdemeanors not requiring punishment by imprisonment, it being discretionary with the court whether it should be accepted or rejected. If the plea was accepted by the court, it was taken as a tacit admission of guilt so far as pertained to that case only, and the trial court was authorized under this plea to order entry made to the effect that upon request such plea was permitted by the court, whereupon the court was authorized to pronounce sentence without further pleading.

Michigan's recognized textual authority, 1 Gillespie, Michigan Criminal Law and Procedure (2d), § 330, p 400, states that, "It (*nolo contendere*) is not recognized in our Code of Criminal Procedure, which provides that upon arraignment the accused may enter a plea of guilty, not guilty, or stand mute, in which event a plea of not guilty is entered by the court."

The analysis found in 37 MSBJ, No 8, p 20, Mack, *"Nolo Contendere:* Its Use in Michigan", reaches the conclusion that though neither the rights of persons accused of criminal offenses, nor the desire of the people in obtaining justice in criminal actions are defeated by the use of the plea, legislative recognition of the plea, and amendments to the court rules should be sought if the plea is to become a valid part of our jurisprudence.

While the majority of cases from other jurisdictions recognize that the acceptance of a plea of *nolo contendere* is a matter of discretion for the trial judge, it is our duty to decide whether it should be judicially recognized and thereby become an integral part of Michigan's criminal procedure.

It seems to us that for an orderly approach to the entry of a plea in Michigan trial courts, there is no good reason to recognize a plea which is neither a plea of guilty or of not guilty. It appears further that our legislature, in enacting the statute, *supra,* has recognized this fact in specifically providing for a procedure in the event the defendant shall refuse to plead or answer or shall not confess the indictment to be true. Few arguments can be advanced to defend retention or recognition of the plea of *nolo contendere* in a felony matter such as that involved here, since it cannot be claimed that it serves any useful function that present procedure does not afford.

Accordingly, we hold that, in a case such as this, the valid pleas shall be guilty or not guilty. In the event the defendant does not plead, the court, of course, should enter a plea of not guilty on his behalf. Our criminal procedure is best served by not validating or fostering a further "in between" plea such as *nolo contendere.*

Other matters raised by appellant referring to GCR 1963, 785.3(2), and the appointment of counsel need not be ruled upon here, since they will be dealt with upon a new trial of this matter.

The plea of *nolo contendere* is set aside and a new trial ordered.

HOLBROOK, P. J., and J. H. GILLIS, J., concurred.