KLOOSTERMAN *v.* KALAMAZOO CITY LINES, INC.

1. EVIDENCE—ADMISSIONS—PARTIES.

   Prior judicial admissions of parties to a suit are admissible as substantive evidence but such admissions must have been made "by" or "on behalf of" a party.

2. EVIDENCE—PLEA OF GUILTY—ADMISSIONS—PARTIES—MASTER AND SERVANT—SCOPE OF EMPLOYMENT—NEGLIGENCE—NEGLIGENT ENTRUSTMENT.

   Bus driver's plea of guilty, at a prior judicial proceeding, to the charge of failing to exercise due care should not have been admitted in an action for negligent entrustment against the bus company for the purpose of proving the company's negligence where the driver was not a party to the action as, to hold the driver's plea of guilty to the traffic violation some time subsequent to the accident as part of the *res gestae* is patently absurd, it was not within the scope of the driver's employment to plead guilty, and the record does not show that the driver was either authorized to plead as he did or directed to do so by his employer (GCR 1963, 607).

Appeal from Court of Appeals, Division 3, Fitzgerald, P. J., and R. B. Burns and Bronson, JJ., reversing and remanding Kalamazoo, Wade Van Valkenburg, J. Submitted October 5, 1971. (No. 3 October Term 1971, Docket No. 52,784.) Decided December 21, 1971.

21 Mich App 513 affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]  30 Am Jur 2d, Evidence § 1098 *et seq.*

Complaint by Richard J. Kloosterman against Kalamazoo City Lines, Inc., for damages for injuries sustained in a motor vehicle collision. Judgment for plaintiff. Defendant appealed to the Court of Appeals. Reversed and remanded for a new trial. Plaintiff appeals. Defendant cross-appeals. Affirmed.

*Field & Contos,* for plaintiff.

*Ford, Kriekard, Staton & Allen,* for defendant.

T. G. KAVANAGH, J. The pertinent facts of the case at bar were found by the Court of Appeals to be as follows:

"Larry Schaftenaar, a bus driver for the defendant company, was operating one of the defendant's buses when it struck plaintiff's truck in the rear. Schaftenaar pled guilty in the Kalamazoo municipal court to the charge of failing to exercise due care. Plaintiff did not join Schaftenaar as a party defendant but sued the defendant on the theory of negligent entrustment.

"Before the trial plaintiff took Schaftenaar's deposition and during the questioning elicited from him that he had pled guilty to failing to exercise due care. During plaintiff's case in chief this deposition was admitted and read into evidence. Defendant objected to the admission of Schaftenaar's guilty plea claiming the guilty plea was admissible only for impeachment purposes. The court ruled that the guilty plea could be admitted as substantive evidence of defendant's negligence.

"The jury returned a verdict for plaintiff and defendant appeals claiming the court erred by admitting Schaftenaar's guilty plea as evidence of negligence and that there was not sufficient evidence for the court to submit the case to the jury on the theory of negligent entrustment."

On appeal the Court of Appeals reversed and remanded for new trial holding the trial judge should not have admitted Schaftenaar's plea of guilty to the charge of failing to exercise due care as *substantive evidence* to prove defendant's negligence.

The record indicates plaintiff attempted to introduce the deposition in question prior to having called Schaftenaar as a witness. Counsel for defendant objected to the introduction of this form of testimony. Much discussion followed on this point outside the presence of the jury. The trial judge ruled it admissible as an admission.

There is but one question necessary to decision here:

Did the trial court err in the admission of the driver's plea of guilty as substantive proof of defendant-appellee's negligence?

In its opinion the Court of Appeals correctly stated the applicable law: 21 Mich App 513, 515 (1970).

"MCLA § 257.731 (Stat Ann 1968 Rev § 9.2431) states:

" 'No evidence of the conviction of any person for any violation of this chapter or of a local ordinance pertaining to the use of a motor vehicle shall be admissible in any court in any civil action.'

"By order of the Supreme Court, *GCR 607* was promulgated. It is entitled 'Cross-Examination for Credibility' and states:

" 'During the trial of civil actions the rules of evidence approved in *Van Goosen* v. *Barlum* (1921), 214 Mich 595; *Zimmerman* v. *Goldberg* (1936), 277 Mich 134; *Socony Vacuum Oil Co.* v. *Marvin* (1946), 313 Mich 528; *Cebulak* v. *Lewis* (1948), 320 Mich 710, and reenacted by PA 1961, No 236, § 600.2158, shall prevail, anything in § 731 of the Michigan Vehicle Code (CLS 1961, § 257.731 [Stat Ann 1968

Rev § 9.2431]) to the contrary notwithstanding.'"
(Emphasis added.)

The trial judge ruled the testimony referred to
was admissible, saying:

"*The Court:*  Well, all right, I have spent a lot
of time on this question and it is a rather crucial
one as far as this case is concerned, because it is
important to both sides, and we have a statute which
has been threshed over and the rule and I not only
have consulted the books but have also consulted
as many good authorities as I could find on this
subject.  And it seems to the Court, and this is the
rule, that it is admissible, particularly under Item
Number 3, which is shown on Page 402 of Rule 607
and that is in regard to 'Prior judicial admission
of a party-opponent as substantive evidence.'
Therefore, it appears that this is an admission.
Now, then there is quite a possibility that some ex-
planation could be given to the second question,
'How did you plead to this ticket?'  The answer,
'Guilty.'  It may mean this: Some people do, when
they go over to the Bureau, think, 'Well, it will
cost me four or five times as much to fight it and
regardless of whether I'm guilty or not I'm going to
plead guilty and take my medicine,' but that wasn't
done in this particular case.  Therefore, on the
theory as explained in Professor Hawkin's book
and as I have found in other authorities, this *might*
be admissible on that theory."  (Emphasis added.)

Although in *Zimmerman, Marvin* and *Cebulak*
we held the prior judicial admissions of parties to
the suits were admissible as substantive evidence,

" ' "Admissions are statements made by or on
behalf of a party to the suit in which they are
offered which contradict some position assumed by
that party in that suit.  They are substantive evi-
dence for the adverse party, but never for the
party by whom or on whose behalf they are sup-

posed to have been made." ' 11 M.L.P. Evidence, § 131, quoting Elliotte v. Lavier, 299 Mich. 353, 300 N.W. 116 (1941). See also McCormack on Evidence, § 239 (1954)." 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 401.

It is clear that such admissions or statements must have been made "by" or "on behalf of" the party.

Here, plaintiff must show the admission by Schaftenaar was "on behalf of" defendant by whom he was employed. In this regard the observation in *Gorman* v. *McCleaf* (1963), 369 Mich 237 is pertinent. There the Court stated at 241:

"A fellow employee by the name of Teachout testified that several days after the accident he had a conversation with McCleaf which led him to believe McCleaf was going on a call at the time of the accident. Both statements were admissible for the purpose of impeaching the testimony of McCleaf but the time was not sufficiently fixed by the police officer to make his statement a part of the *res gestae*. Clearly, Teachout's testimony of a conversation some days after the accident was not a part of the *res gestae*. A statement in the nature of an admission by an employee is not admissible as to the employer so as to bind the employer, unless it is a part of the *res gestae* or unless authorized by the employer or made within the scope of the employment."

To hold Schaftenaar's plea of guilty to the traffic violation some time subsequent to the accident as part of the *res gestae* is patently absurd. Certainly it was not within the scope of Schaftenaar's employment to plead guilty. The record does not show that he was either authorized to plead as he did or directed to do so by his employer.

We hold Schaftenaar's plea of guilty at the prior judicial proceeding should not have been admitted for the purpose of proving defendant's negligence.

The Court of Appeals is affirmed.

Reversed and remanded for new trial.   Costs to defendant.

T. M. Kavanagh, C. J., and Adams, T. E. Brennan, and Swainson, J. concurred with T. G. Kavanagh, J.

Black and Williams, JJ. concurred in the result.