WHEELOCK v EYL

OPINION OF THE COURT

1. TRIAL—CIVIL TRIAL—CRIMINAL TRIAL—EVIDENCE—PAYMENT OF
    FINES—PLEA OF GUILTY.
    Neither bare payment of fines nor guilty pleas may be admitted
    as evidence in a civil trial for the purpose of showing that
    substantially the same wrongful conduct at issue in the civil
    trial has been admitted in a prior criminal trial.

2. EVIDENCE—TRIAL—CIVIL TRIAL—CRIMINAL CONVICTION—PLEA OF
    GUILTY—PAYMENT OF FINES—SUBSTANTIVE EVIDENCE.
    A criminal conviction after trial, or plea, or payment of a fine is
    not admissible as substantive evidence of conduct at issue in a
    civil case arising out of the same occurrence.

DISSENTING OPINION

WILLIAMS and J. W. FITZGERALD, JJ.

3. NEGLIGENCE—EVIDENCE—PAYMENT OF TRAFFIC TICKET.
    *Evidence of a party's payment of a traffic ticket for a violation
    involving conduct which is subsequently at issue in a civil case
    is admissible as evidence of negligence in that suit.*

4. EVIDENCE—PAYMENT OF TRAFFIC FINE—PLEA OF GUILTY.
    *Payment of a traffic fine is to be treated, like tender of a guilty
    plea in open court, as admissible, albeit rebuttable, substantive
    evidence.*

5. EVIDENCE—COURTS—COURT RULES—MICHIGAN VEHICLE CODE.
    A court rule provides that *"[d]uring the trial of civil actions the
    rules of evidence approved in* Van Goosen v. Barlum, *214 Mich.*

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 29 Am Jur 2d, Evidence §§ 334, 335; 30 Am Jur 2d Evidence
    §§ 981, 985.
    Court's right, in imposing sentence, to hear evidence of, or to
    consider, other offenses committed by defendant, 96 ALR2d 768.
[5] 29 Am Jur 2d, Evidence § 61.
[6] 58 Am Jur 2d, New Trial §§ 123, 128.

*595;* Zimmerman v. Goldberg, *277 Mich. 134;* Socony Vacuum Oil Co. v. Marvin, *313 Mich. 528;* Cebulak v. Lewis, *320 Mich. 710, and re-enacted by PA 1961, No. 236, § 600.2158, shall prevail, anything in section 731 of the Michigan vehicle code (CLS 1961, § 257.731) to the contrary, notwithstanding", and the language of the court rule suggests a general approval of the rules of evidence applied in the cases cited therein (GCR 1963, 607).*

6. NEW TRIAL—DISCRETION—FAILURE TO OBJECT—INSTRUCTIONS—APPEAL AND ERROR.

*Trial judge acted within his discretion in acknowledging, even in the absence of timely objection by counsel, erroneous instructions given the jury and in granting a new trial.*

Appeal from Court of Appeals, Division 2, Danhof, P. J., and Quinn and McGregor, JJ., denying application for leave to appeal from Macomb, Howard R. Carroll, J. Submitted March 13, 1974. (No. 8 March Term 1974, Docket No. 54,654.) Decided November 21, 1974.

Complaint by Myrtle Wheelock against Michael B. Eyl and Joanne Marie Eyl for damages for injuries sustained in an automobile collision. Judgment for defendants. New trial granted. Court of Appeals denied defendants' application for leave to appeal. Defendants appeal. Reversed.

*Eli Friedman,* for plaintiff.

*Michaels & Ferris,* for defendants.

T. G. KAVANAGH, J. This is an interlocutory appeal from the granting of a motion for new trial in an automobile negligence case. Defendants-appellants raise the evidentiary question of whether the bare payment of a traffic ticket fine for a violation involving conduct subsequently at issue in a civil case may be admitted as evidence of negligence in that case. We reverse the trial

court's grant of a new trial and hold that neither bare payments of fines nor guilty pleas may be admitted as evidence in a civil trial for the purpose of showing that substantially the same wrongful conduct at issue in the civil trial has been admitted in a prior criminal trial.

## I. THE FACTS

On November 21, 1968, the automobile driven by plaintiff Myrtle Wheelock collided with the automobile driven by defendant, Joanne Eyl (now Joanne Eyl Reynolds who at that time was married to defendant Michael B. Eyl, the owner of the vehicle she was driving). A police officer arrived at the scene of the accident and issued a ticket to Joanne Eyl for failure to yield right of way. The ticket was paid without a court appearance.

Plaintiff filed suit against defendants in Macomb County Circuit Court on May 1, 1970, alleging damages caused by Joanne Eyl's negligence.

A jury trial was held on January 27, 1972.

On cross-examination counsel for plaintiff was permitted over objection of defense counsel to ask Joanne Eyl if she had received the aforementioned traffic ticket and paid the fine. She replied in the affirmative.

The trial court instructed the jury that it could consider the prior traffic offenses of a witness only as they affected the credibility of that person as a witness, but could not consider the issuance of the traffic ticket to Joanne Eyl as substantive evidence of negligence.

The jury found no cause of action.

Plaintiff moved for and was granted a new trial on the basis that the court erred in failing to

instruct the jury that the payment of a traffic ticket fine could be considered as evidence of negligence based on this Court's holding in *Diamond v Holstein,* 373 Mich 74, 77; 127 NW2d 896 (1964).

The Court of Appeals denied defendants' motion for leave to appeal.

## II. THE DEVELOPMENT OF THE RULE

*Diamond v Holstein, supra,* was an auto negligence case. Defendant had pled guilty to a charge of unsafe driving in connection with the accident that was the subject of the suit. The jury found no cause of action. On appeal the Court held that the guilty plea could be considered as evidence of negligence, but it did not entitle plaintiff to a directed verdict or an instruction that defendant was guilty of negligence as a matter of law, citing *Anders v Clover,* 198 Mich 763; 165 NW 640 (1917).

In *Anders* plaintiff sued for assault and battery. Defendant had pled guilty to criminal assault and battery on plaintiff. In the civil trial defendant presented evidence that he had acted in self-defense. The jury returned a verdict for defendant. The Court, on review, held that the plaintiff was not entitled to an instruction that the guilty plea was conclusive against defendant's contention of self-defense. The instruction was proper that the guilty plea should be given as much weight as the jury believed it to be entitled.

In *Nielsen v Eiler,* 248 Mich 545; 227 NW 688 (1929), an assault case, the jury brought in a verdict for plaintiff. Defendant alleged on appeal that it was error to receive in evidence his guilty plea to a criminal charge arising out of the same

fact situation at issue in the suit. The Court held the allegation to be without merit.[1]

In *Kloosterman v Kalamazoo City Lines, Inc,* 386 Mich 430; 192 NW2d 258 (1971), the Court acknowledged that three other cases all involving guilty pleas and/or payment of fines for traffic violations support the rule that prior judicial admissions are admissible as substantive evidence in civil suits arising out of the same factual situations.[2] In *Zimmerman v Goldberg,* 277 Mich 134; 268 NW 837 (1936) defendant had pled guilty. In *Socony Vacuum Oil Co v Marvin,* 313 Mich 528; 21 NW2d 841 (1946), defendant appeared before a justice of the peace and paid a fine. In *Cebulak v Lewis,* 320 Mich 710; 32 NW2d 21; 5 ALR2d 186 (1948), defendant's father had paid two traffic ticket fines for her.

## III. THE NEED FOR CHANGE

Without disputing the logic supporting the rule we are persuaded our jurisprudence is no longer served well by it.

Civil suits, by and large, are contested claims among individuals. Criminal cases involve a charged offense against the whole people of the state. While the same conduct often affronts society and gives rise to claim in an individual on account of it, the considerations and purposes of the separate procedures for redressing the respective wrongs are disparate and both procedures are diminished by ignoring the differences.

---

[1] In *Powell v King,* 33 Mich App 41; 189 NW2d 746 (1971), Justice LEVIN's concurring opinion analyzes the rationale of *Diamond, Anders* and *Nielsen* and sets forth persuasive reasons for changing the rule.

[2] Heretofore prior judicial admissions of guilt in criminal cases were admissible as quasi-admissions in civil suits. *See* 4 Wigmore on Evidence (Chadbourne Rev), § 1059, p 27.

A litigant should not be burdened in adjudicating his civil rights according to how or whether he has satisfied the claim against him by society.

Likewise the speedy determinations of society's claims against individuals should not be influenced by a rule of civil procedure which puts a premium on the mode of response to society's charge.

In addition, the successive changes in the General Court Rules, the statutes, and decisions whereby the plea of nolo contendere has achieved acceptability seriously weaken the underpinnings of reason supporting the old rule and we are convinced our practice will be better served by no longer following it. GCR 1963 111.2; GCR 1963, 785.7 eff June 1, 1973; MCLA 767.37; MSA 28.977 as amended by 1969 PA 334; *People v Tomlinson,* 50 Mich App 655; 213 NW2d 803 (1973); *People v Curry,* 48 Mich App 545; 210 NW2d 791 (1973). Compare *People v Franchi,* 3 Mich App 511; 142 NW2d 881 (1966).

## IV. CONCLUSION

We hold that a criminal conviction after trial, or plea, or payment of a fine is not admissible as substantive evidence of conduct at issue in a civil case arising out of the same occurrence.

Reversed. Costs to defendants.

T. M. KAVANAGH, C. J., and SWAINSON, LEVIN, and M. S. COLEMAN, JJ., concurred with T. G. KAVANAGH, J.

J. W. FITZGERALD, J. *(dissenting).* The question before us is whether evidence of a party's payment of a traffic ticket for a violation involving conduct which is subsequently at issue in a civil case is

admissible as evidence of negligence in that suit. We hold that such evidence is admissible.

Plaintiff brought suit against defendants in Macomb County Circuit Court to recover for injuries sustained in an auto accident. During the course of trial, plaintiff's counsel elicited the following testimony from a defendant:

"*Q.* Mrs. Reynolds, did you receive a ticket as a result of this accident?

"*A.* At the time of the accident and after the officer arrived his words to me were—I would like to explain—the police—

"*The Court:* Just answer his questions.

"*Q.* You received a ticket.

"*A.* Yes, there was a ticket.

"*Q.* And the ticket was for failure to yield right of way?

"*A.* That's right.

"*Q.* And did you plead guilty to it?

"*A.* I paid the ticket, if that means pleading guilty."

In final argument, plaintiff's counsel inferred that the jury might consider defendant's payment of the traffic ticket evidence of defendant's negligence. At this point, the trial judge interjected and instructed the jury as follows:

"*The Court:* Members of the Jury, I will have to caution you now. That is not the law. You may not draw such an inference from it. I will give you a correct statement of the law. There is no such law and counsel well knows it. I even named the case for him, that is not the law. You may not draw such an inference and forget it and wait for me to straighten you out."

The trial judge ultimately instructed the jury as follows:

"*The Court:* Now, in an accident case of this kind

now just recently the Supreme Court is permitting attorneys to ask questions about their traffic record. Now, members of the jury, I want to make this plain to you and this applies on both sides of the table—applies to Mrs. Wheelock and applies to Mrs. Reynolds. If you consider a traffic record, history of convictions in traffic court, traffic offenses, you must consider it only as it affects believability of that witness, of that person as a witness.

"The mere fact that one of them may have had an accident on a prior occasion is absolutely no evidence of negligence here at all. It is no evidence of careless driving and do not permit yourselves to indulge in that because if it's considered by you then you may consider it only insofar as it affects their credibility as a witness.

"Now, in this case it went a little bit further in that as a result of this accident an officer, who came to the scene later, handed out a traffic ticket to the defendant. A witness has a right to explain it. But you are not to consider the fact that a police officer who handed out a ticket as any evidence whatsoever of negligence, no evidence whatever. It has nothing to do with negligence whatever. The police officer didn't come until afterwards. So, cross it out of your mind, there having been negligence here."[1]

Plaintiff raised no objection to the instructions as given. The jury subsequently returned a verdict of no cause of action in favor of defendants.

Plaintiff moved for new trial on the basis that the trial court had erred in informing the jury that payment of a traffic ticket could not be considered substantive evidence of defendant's negligence, citing the decision of this Court in *Diamond v Holstein,* 373 Mich 74; 127 NW2d 896 (1964). Upon consideration of this case, the trial judge granted plaintiff's motion, in his written opinion concluding:

---

[1] Since the transcript text of this instruction is somewhat unclear, the text set forth is in part that referred to in the trial court opinion.

"On the basis of *Diamond v Holstein,* 373 Mich 74, 77 such evidence is so admissible. The Court was obviously in error.

"It is true that plaintiff did not make such request to charge before argument and after completion of the Court's instructions to the jury did not object to the statement the Court made. However, the Court was obviously in error and a new trial should be granted. It has been the opinion of this Court that statements made by a defendant in a criminal case in Court could be admissible as an admission against interest but that the bare payment of a traffic ticket should not be so construed by the jury. However, the Supreme Court appears to believe otherwise."

Defendants sought and were denied leave to appeal in the Court of Appeals.

This case is not difficult to resolve. In *Diamond v Holstein, supra,* this Court held that a guilty plea to an unsafe driving charge entered before a justice of the peace could be considered as evidence of negligence but was not conclusive thereof so as to entitle plaintiff to a directed verdict. In other circumstances, this Court has uniformly determined that a plea of guilty in a criminal case is admissible in a subsequent civil action involving the same conduct of a party. See *Nielsen v Eiler,* 248 Mich 545; 227 NW 688 (1929) (where defendant's plea to a reduced charge cognizable by a justice of the peace was held to be admissible); and *Anders v Clover,* 198 Mich 763; 165 NW 640 (1917) (where defendant's plea before a justice of the peace to the charge of assault and battery was held to be admissible).[2] Defendants seek to distin-

---

[2] *But cf. Kloosterman v Kalamazoo City Lines, Inc,* 386 Mich 430; 192 NW2d 258 (1971) (where this Court, acknowledging the stated rule concluded that the guilty plea of a bus driver for defendant bus company was not an admission authorized "by" or given "on behalf of" defendant and therefore held evidence of the guilty plea inadmissible as substantive evidence of negligence.)

guish the above line of cases, arguing that these cases involved admissions of guilt made in open court whereas the present case involves "bare payment" of a traffic fine.

While we acknowledge that some courts have adopted the position urged by defendants,[3] we are cognizant of controlling Michigan authority not cited and briefed by the parties which indicates that the rationale of the cited line of cases extends to cover the factual setting before us.

In *Socony Vacuum Oil Co v Marvin,* 313 Mich 528; 21 NW2d 841 (1946), this Court held that evidence of payment of a $5 traffic fine was admissible as substantive evidence of negligence in a civil action for injuries arising out of a car-truck collision. The Court's analysis was as follows:

"Defendant * * * claims that he is entitled to reversal of the judgment against him and a new trial because of errors in the admission of evidence and in the charge of the court. On cross-examination of the defendant, and for the purpose of impeaching his testimony, counsel for plaintiff was permitted to inquire, over objections of defendant's counsel, if defendant had been given a traffic summons, in connection with this accident, to appear before a justice of the peace at Coopersville; and if he had so appeared and paid a fine. Defendant testified as follows:

" 'I don't remember what day it was. I had a summons to appear on a certain day; I think two or three days after. I appeared that day. I did not plead guilty. I paid a fine of $5 and costs to the justice, but I did not plead guilty. The justice said it was a ticket, the same as any ticket, to pay the fine would be the easiest way out. He said it would not be an admission of guilt. I told

---

[3] *See, i.e., Hannah v Steel Co,* 120 Ohio App 44; 201 NE2d 63 (1963); and *Mooneyhan v Benedict,* 284 SW2d 741 (Tex Civ App, 1955). A general exposition of the rationale for restricting admissibility of evidence such as, for instance, that involved in this case is found in the concurring opinion in *Powell v King,* 33 Mich App 41; 189 NW2d 746 (1971), discussed *infra* in footnote 5.

the justice I would not pay the fine if it was an admission of guilt. He said it would make no difference with anything in the future; the best way would be to pay and save trouble. I paid it.'

"The justice before whom defendant appeared was called as a witness and testified to the fact that defendant appeared before him and paid a fine. The justice further testified that defendant was accompanied on the occasion in question by another person and the questions of counsel for defendant on cross-examination indicate that such other person was an attorney from counsel's office.

"The claim by counsel for defendant in his brief that the sum of money referred to was deposited with the justice as 'bail' is not supported by the record. Clearly, defendant understood that he was paying a fine and on the trial plaintiff was entitled to show such act on the theory that it was inconsistent with the testimony of defendant as to how and why the accident happened. A similar situation was presented in *Zimmerman v. Goldberg,* 277 Mich 134 [268 NW 837 (1936)]. There defendant testified that he had been convicted and fined for reckless driving, the charge arising out of the accident involved in the suit. Subsequently, the trial court struck out the testimony. Following comment on the general rule that a witness may be cross-examined as to prior convictions for the purpose of impeaching his credibility, it was said:

" 'In the instant case it must be borne in mind that the cross-examination of defendant was not one pertaining to a collateral matter and bearing only upon his credibility. Instead it was cross-examination concerning defendant's plea of guilty to a charge of reckless driving arising out of the very accident involved in the principal case. Excluding such cross-examination or striking the testimony from the record was error under the circumstances. Especially is this true since in this case the defendant had testified in his own behalf and his testimony in effect was a denial of reckless driving. As just above indicated, we think it was not within the discretion of the trial judge to limit defendant's cross-examination by striking this testimony from the record; but instead this ruling constituted error which, except

for the reason hereinafter indicated, would have been prejudicial and necessitated reversal.'

"See, also, *Finner v. Porath,* 221 Mich. 28 [190 NW 648 (1922)]; *Leland v. Kauth,* 47 Mich. 508 [11 NW 292 (1882)]. Defendant, of course, had the right to offer to the jury his explanation as to why he paid the fine, and did so. *Schudlich v. Yankee,* 272 Mich. 482 [262 NW 295 (1935)]."

*Socony Vacuum,* in approving the rationale of *Zimmerman v Goldberg,* 277 Mich 134; 268 NW 837 (1934), indicates that payment of a traffic fine is to be treated, like tender of a guilty plea in open court, as admissible, albeit rebuttable, substantive evidence.[4] See, also, *Cebulak v Lewis,* 320 Mich 710; 32 NW2d 21; 5 ALR2d 186 (1948). Although the rationale for holding such evidence admissible is unstated, in these cases we may presume that such evidence was held admissible under the admissions of a party-opponent exception to the hearsay rule.[5]

---

[4] The fact that the traffic fine was paid in open court in *Socony* is not an appropriate ground upon which to distinguish that case from the case at hand, where payment may have been made by mail. Given the fact that the defendant in *Socony* expressly tried to avoid the effect of his admission, failing to do so, *Socony* certainly reaches to cover present facts where no such express effort to avoid the effect of an admission is involved.

At this point it is necessary to add that this case is not concerned in any respect with "judicial admissions," these being "formal act[s] done in the course of judicial proceedings, which [waive] or [dispense] with the production of evidence, by conceding for the purposes of litigation that the proposition of fact alleged by the opponent is true." 4 Wigmore, Evidence (Chadbourne Rev), § 1058, pp 26, 27. This case rather involves what Wigmore denominates "quasi-admissions"— items of evidence being in no "sense final or conclusive" which the opponent may proceed to deny with his proof. 4 Wigmore, Evidence, *supra,* § 1059, p 27.

[5] 4 Wigmore, Evidence, *supra,* § 1066, citing *Socony Vacuum.*

In *Powell v King,* 33 Mich App 41; 189 NW2d 746 (1971), the concurring opinion attacks the rationale of *Diamond v Holstein, supra,* and, inferentially, the *ratio decidendi* of cases such as the present. The discussion in pertinent part is as follows:

"The issue tried to the jury in this civil case was whether the defendant, Samuel King, unjustifiably assaulted the plaintiff, Alfred

The rules of *Zimmerman, supra; Socony Vacuum, supra;* and *Cebulak, supra,* have been digni-

Davis Powell, with a knife or whether, as claimed by King, he used the knife in self-defense. The jury's verdict was for the plaintiff in the amount of $10,000.

"After the assault, King was charged by the prosecutor with the offense of felonious assault, punishable by imprisonment for not more than four years. King pled guilty to the reduced charge of simple assault, a misdemeanor, was placed on probation and required to pay $100 costs.

"Had King been convicted by a jury of either the charged offense, felonious assault, or the reduced offense, assault and battery, evidence of his conviction probably would not have been admissible at the civil trial for the purpose of showing that substantially the same factual issues presented in the civil action were decided against him in the criminal proceeding. The general rule recognized by most jurisdictions, and by Michigan, is that a judgment of conviction in a criminal prosecution is not admissible in a civil case arising out of the same occurrence. However, as my colleagues in this case rule (and I am obliged by controlling precedent to agree), a conviction on a plea of guilty is generally provable as an admission; but not if the conviction is upon a plea of *nolo contendere.*

"These distinctions are all theoretically sound. Evidence of the commission of crime is generally not admissible. Admissions generally are, and a plea of *nolo contendere* is not an admission. But, although theoretically tenable, there is no sound reason why the defendant's conviction for simple assault should be admissible because he did not take the precaution of offering a plea of *nolo contendere* and it makes no sense to treat a conviction following a plea of guilty to a reduced charge as having greater evidentiary value than a conviction after a trial on the merits for the originally-charged offense.

"The evidence of King's conviction on a plea of guilty should have been excluded not only to protect him from deflection of the jury from the task before it, but also because in this case the evidence was without significant probative value. The fact that King, charged with felonious assault punishable by a sentence of four years in state prison, pled guilty to a misdemeanor shows merely that, faced with two unpleasant alternatives, he chose the less threatening. By pleading guilty he avoided the possibility of having a felony record and of being sentenced to serve a long term in prison. He made it more likely that he would be placed on probation, as he was. Additionally, by pleading guilty he saved the expense of defending himself against the criminal charge.

"Introduction into evidence of the fact that King pled guilty, although without significant probative value, could well have influenced the jury and been responsible for the verdict against him. His plea of guilty to the assault charge was mentioned in the trial judge's instructions and in opposing counsel's closing arguments. The jurors might well have reasoned that if the prosecutor charged King, he pled guilty, and the judge accepted the plea, he must have been the one at fault. The jurors should have been permitted to decide who was at

fied by incorporation in GCR 1963, 607, which reads as follows:

"During the trial of civil actions the rules of evidence approved in *Van Goosen v. Barlum*, 214 Mich. 595; *Zimmerman v. Goldberg*, 277 Mich. 134; *Socony Vacuum Oil Co. v. Marvin*, 313 Mich. 528; *Cebulak v. Lewis*, 320 Mich. 710, and re-enacted by PA 1961, No. 236, § 600.2158, shall prevail, anything in section 731 of the Michigan vehicle code (CLS 1961, § 257.731) to the contrary, notwithstanding."

Although it could be argued that this court rule, which purports to govern the use of evidence for purposes of testing credibility, does not govern the use of evidence for substantive purposes, the language of the court rule suggests a general ap-

fault uninfluenced by knowledge of the criminal prosecution." (Footnotes omitted.)

We dispute this analysis, first, because we reject the notion that a plea of guilty or, for that matter, payment of a traffic fine, is without significant probative value. We submit that in most instances guilty pleas are made and traffic fines are paid because the individual involved has committed, and acknowledges responsibility for, the acts with which he is charged. It would seem impossible to ignore the fact that a strong inference to this effect may be drawn from the making of a plea or the paying of a fine. A guilty plea or payment of a traffic fine, then, is an admission which has probative value. The conflicting considerations quoted above, where pertinent, may be raised to rebut the effect of such an admission. The admission nevertheless falls within the noted exception to the hearsay rule.

We further observe that the rationale of the plea of nolo contendere is not easily extended to confer, in effect, the benefits of such a plea more broadly. To the extent a rationale for the plea may be articulated, the plea exists in order that parties concerned about the collateral consequences of pleading guilty will not be discouraged from so pleading. A plea of nolo contendere permits a party to avoid subjection to collateral consequences while in effect pleading guilty. This rationale ceases to have any force when a plea of guilty has been entered. The benefits of the statutory plea of nolo contendere (MCLA 767.37; MSA 28.977) should not be extended without reason.

Finally, we acknowledge that evidence of the conviction of a crime is generally not admissible substantive evidence in a civil action, although a trend to the contrary has been noted. *See* Anno: 18 ALR2d 1287 (1951). Suffice it to say, for present purposes, that conviction after trial does not constitute an admission within the noted exception to the hearsay rule.

proval of the rules of evidence applied in the cases cited therein.[6] We construe the rule accordingly.

This case is governed by *Socony Vacuum.* We conclude that the trial judge acted within his discretion in acknowledging, even in the absence of timely objection by counsel, erroneous instructions given the jury and in granting a new trial.

Affirmed.

WILLIAMS, J., concurred with J. W. FITZGERALD, J.

---

[6] This interpretation of the court rule is favored by language from the majority opinion in *Perin v Peuler,* (On Rehearing), 373 Mich 531; 130 NW2d 4 (1964) which suggests that a conviction for a traffic offense may be used for impeachment purposes "or" to test credibility. 373 Mich 531, 542. *See, also,* the author's comment to GCR 1963, 607 at 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 398-403.