**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED NOVEMBER 19, 2002**

LESLIE WAKNIN,

    Plaintiff-Appellant,

v                                        No. 120299

RICHARD CHAMBERLAIN,

    Defendant-Appellee.

_____

PER CURIAM

Defendant was convicted of assault and battery. Plaintiff, the victim, then brought this civil suit against defendant for assault and battery, in part on the basis of the same act that resulted in defendant's conviction. The trial court, relying on *Wheelock v Eyl*, 393 Mich 74, 79; 223 NW2d 276 (1974), held that evidence of defendant's conviction could not be introduced in this civil case. The jury thereafter returned a verdict of no cause of action. The trial court, relying on its earlier decision and MRE 403, denied plaintiff's motion for a new trial. The Court of Appeals,

relying on MRE 403, affirmed. Unpublished opinion per curiam, issued October 12, 2001 (Docket No. 224042). Because we conclude that evidence of defendant's conviction should not have been excluded in this subsequent civil case on the basis of either *Wheelock* or MRE 403, we reverse the judgment of the Court of Appeals and remand the case to the trial court for a new trial.

I

Defendant was convicted of assault and battery for an incident that occurred on May 6, 1996. Subsequently, plaintiff, the victim of the incident that gave rise to defendant's conviction, brought this civil suit against defendant, seeking damages for a series of assaults that allegedly occurred in July of 1995, as well as the alleged assault and battery of May 6, 1996, that resulted in defendant's conviction. Defendant moved to exclude evidence of his prior conviction, and the trial court granted this motion, concluding that *Wheelock* bars the admission of a defendant's conviction for purposes of establishing civil liability.[1] Following a trial, the jury returned a verdict of

---

[1] Defendant also moved to preclude plaintiff from presenting any witnesses because plaintiff had been directed in a pretrial order to file with the court a list of witnesses, but he failed to do so. As a result, the trial court only allowed plaintiff to present the witnesses that plaintiff had listed in his answer to an interrogatory asking plaintiff who he was going to call as witnesses. Because plaintiff failed to list, as a potential witness, the police

no cause of action.  Plaintiff then filed a motion for a new trial, arguing that the trial court had erred in excluding evidence of defendant's conviction.  The trial court denied plaintiff's motion, concluding that not only was evidence of the conviction inadmissible under *Wheelock*, but it was also inadmissible under MRE 403 because it would have been more prejudicial than probative.

The Court of Appeals affirmed the order of the trial court.  The Court did not address the merits of the rule announced in *Wheelock*, but instead based its decision on MRE 403.  It concluded that the trial court had not abused its discretion in holding that the probative value of evidence of defendant's conviction was outweighed by its prejudicial effect.[2]

II

---

officer who apparently was involved in the criminal assault and battery charge against defendant, the officer was not allowed to testify.  We agree with the Court of Appeals that the trial court did not abuse its discretion when it precluded this officer's testimony.  The trial court may, pursuant to MCR 2.401(I)(2), preclude any witnesses not named in a witness list from testifying.  In this case, plaintiff concedes that he did not file a witness list and offers no reason for failing to do so.

[2]  The Court of Appeals also concluded that the trial court did not err in holding that defendant's criminal conviction was not admissible for the purpose of impeachment because, pursuant to MRE 609(a), only crimes containing an element of dishonesty, false statement, or theft are admissible to impeach a witness, and an assault and battery conviction does not involve any of these elements.

3

We review for an abuse of discretion a trial court's decision whether to admit evidence. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). To the extent that this inquiry requires examination of the meaning of the Michigan Rules of Evidence, we address such a question in the same manner as the examination of the meaning of a court rule or a statute, which are questions of law that we review de novo. *Id.*; *Cam Constr v Lake Edgewood Condominium Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002).

III

This Court in *Wheelock, supra* at 79, stated that "a criminal conviction after trial, or plea, or payment of a fine is not admissible as substantive evidence of conduct at issue in a civil case arising out of the same occurrence." After *Wheelock* was decided, the Michigan Rules of Evidence were adopted. An analysis of these rules, as discussed below, leads us to conclude that the rule announced in *Wheelock*, at least as it pertains to the use of a conviction in a subsequent civil case, did not survive their adoption. This Court has previously determined that a rule announced in an opinion by this Court did not survive the adoption of the Michigan Rules of Evidence. See *People v Kreiner*, 415 Mich 372, 377; 329 NW2d 716 (1982)(holding that the "tender years" exception did not survive the adoption of the Michigan Rules

4

of Evidence).  "In *Kreiner*, this Court essentially held that the Michigan Rules of Evidence constituted a codification of the rules of evidence that superseded the common-law rules." *People v Starr*, 457 Mich 490, 502, n 12; 577 NW2d 673 (1998).

MRE 101 provides that "[t]hese rules govern proceedings in the courts of this state to the extent and with the exceptions stated in Rule 1101."  None of the exceptions set forth in rule 1101 are applicable here.  One of the rules that govern court proceedings in this state is MRE 402.  MRE 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Michigan, these rules, or other rules adopted by the Supreme Court."  MRE 401 defines relevant evidence as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

In this case, the fact that defendant had been convicted of assault and battery for the same conduct that plaintiff is now seeking civil damages for certainly "would have a tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence."  Accordingly, defendant's conviction is relevant evidence, and thus admissible, unless otherwise precluded by

the Michigan or federal constitution, the rules of evidence, or other rules adopted by the Supreme Court.

In our judgment, the trial court abused its discretion in finding that defendant's conviction was more prejudicial than probative. MRE 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of *unfair* prejudice . . . ." (Emphasis added.) Evidence is not inadmissible simply because it is prejudicial. Clearly, in every case, each party attempts to introduce evidence that causes prejudice to the other party. In *People v Mills*, 450 Mich 61, 75-76; 537 NW2d 909 (1995), we stated:

> All evidence offered by the parties is "prejudicial" to some extent, but the fear of prejudice does not generally render the evidence inadmissible. It is only when the probative value is *substantially outweighed* by the danger of unfair prejudice that evidence is excluded.

> "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. . . . Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. . . . It is not designed to permit the court to 'even out' the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none." [*United States v McRae*, 593 F2d 700, 707 (CA 5, 1979).][3]

---

[3] Similarly, in *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998), we stated: "Rule 403 does not prohibit prejudicial evidence; only evidence that is unfairly so. Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury."

6

In this case, the trial court concluded that "the prejudicial effect would clearly outweigh any probative value." The Court of Appeals agreed with this conclusion without conducting its own analysis. The lower courts here appear to have focused exclusively on the word "prejudice" and overlooked the word "unfair." As we have repeatedly stated, only evidence whose probative value is substantially outweighed by its *unfair* prejudice is inadmissible. The trial court here stated:

> [C]learly the prejudicial effect [of defendant's conviction] would be tremendous. Essentially, school would be out. Plaintiff wants to just prove his civil case by introducing the conviction that was secured in district court, and obviously that would be a bombshell against a defendant in a civil case who had the jury find out

And, in *People v Vasher*, 449 Mich 494, 501; 537 NW2d 168 (1995), we stated:

> In this context, prejudice means more than simply damage to the opponent's cause. A party's case is always damaged by evidence that the facts are contrary to his contentions, but that cannot be grounds for exclusion. What is meant here is an undue tendency to move the tribunal to decide on an improper basis, commonly, though not always, an emotional one.

> Evidence presents the danger of unfair prejudice when it threatens the fundamental goals of MRE 403: accuracy and fairness. Gold, *Federal Rule of Evidence 403: Observations on the nature of unfairly prejudicial evidence*, 58 Wash L R 497 (1983). The perceived danger here is that the jury would decide that this evidence is more probative of a fact than it actually is.

7

that a different jury in a criminal case had convicted him of an assault.

Although we agree with the lower courts that the admission of defendant's conviction would be prejudicial, we do not agree that this prejudicial effect would be *unfair*.

Defendant's conviction is not merely marginally probative evidence, and thus there is no danger that marginally probative evidence will be given undue weight by the jury. Rather, that defendant was found guilty beyond a reasonable doubt—a standard of proof granting him protection greater than the preponderance of the evidence standard in the civil case—is highly probative evidence. Where a civil case arises from the same incident that resulted in a criminal conviction, the admission of evidence of the criminal conviction during the civil case is prejudicial for precisely the same reason it is probative. That fact does not, without more, render admission of evidence of a criminal conviction *unfair,* i.e., substantially more prejudicial than probative. Defendant had an opportunity and an incentive to defend himself in the criminal proceeding. For these reasons, we conclude that the trial court abused its discretion in precluding evidence of defendant's conviction on the basis that its probative value was substantially outweighed by the danger of unfair prejudice.

We express no opinion regarding whether pleas of nolo

contendere are admissible as substantive evidence in subsequent civil proceedings.

IV

The trial court abused its discretion in barring the admission of evidence of defendant's conviction by a jury on the basis that the introduction of this evidence would violate MRE 403. To the extent that *Wheelock* is inconsistent with the subsequently enacted Rules of Evidence, it did not survive their adoption. Accordingly, we reverse the judgment of the Court of Appeals and remand the case to the trial court for a new trial.

> Maura D. Corrigan
> Elizabeth A. Weaver
> Marilyn Kelly
> Clifford W. Taylor
> Robert P. Young, Jr.
> Stephen J. Markman

CAVANAGH, J.

I would not dispose of this case by opinion per curiam, but would grant leave to appeal.

> Michael F. Cavanagh

9