# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 3, 2011

140800

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

GEORGE THOMAS NOVAK,
        Defendant-Appellant.

_____/

Robert P. Young, Jr.,
*Chief Justice*

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
*Justices*

SC: 140800
COA: 284838
Bay CC: 06-010653-FC

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we VACATE our order of July 15, 2010. The application for leave to appeal the January 26, 2010 judgment of the Court of Appeals is DENIED, because we are no longer persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I concur in this Court's order denying leave to appeal because the Court of Appeals, in my judgment, did not err in concluding that the trial court did not abuse its discretion in admitting the "minor child incest" story written by defendant. I write separately to respond to Justice MARILYN KELLY's dissenting statement.

First, contrary to the dissent's contention, the story was admitted for a proper purpose under MRE 404(b). It was admitted for the purpose of demonstrating intent and absence of mistake or accident. In order to prove CSC-II, the prosecutor had to establish that defendant engaged in "sexual contact," which is defined as "intentional touching . . . for the purpose of sexual arousal or gratification . . . ." MCL 750.520a(q). During closing argument, defense counsel argued that "there wasn't a singular shred of testimony that any touching, if it even happened, was for sexual purpose." Consequently, the fact that defendant had written an incest story involving minor children was highly relevant to, and probative of, whether defendant's touching of the complainant was done for the purpose of sexual arousal or gratification. That is, the story was admissible for the proper purpose of proving the nature of defendant's intentions in the manner in which he

touched his minor grandchild. During closing argument, defense counsel also suggested that the minor-complainant may have been mistaken in her belief that defendant penetrated her anus with his penis and that defendant possibly had accidentally touched her breast. Consequently, the story was also admissible for the purpose of establishing the absence of mistake or accident. Although the prosecutor conceded on appeal that the story was not admissible for the latter purpose, this Court is, of course, "not bound to accept such a concession." *People v Reed*, 449 Mich 375, 395 (1995). The *trial court* deemed the evidence admissible for the purpose of demonstrating intent *and* absence of mistake or accident, and such a determination will be upheld absent abuse of discretion.

Second, contrary to the dissent's suggestion, MRE 404(b) "does not require a showing of distinctive similarity between other acts and the charge at issue in every instance where Rule 404(b) evidence is proffered." *People v VanderVliet*, 444 Mich 52, 69 (1993). Instead, "[w]here the proponents' theory is not that the acts are so similar that they circumstantially indicate that they are the work of the accused, similarity between charged and uncharged conduct is not required." *Id.* Because the story here was offered as evidence of intent and the absence of mistake or accident, *rather* than as evidence of a common plan or scheme, distinctive similarity is not required. Furthermore, the dissent is wrong to assert that there are "no similarities" between the story and the complainant's allegations: both involve an adult male having sexual relations with minor female children who are relatives.

Third, again contrary to the dissent's contention, the story's probative value was not substantially outweighed by the danger of unfair prejudice. "Evidence is not inadmissible simply because it is prejudicial. Clearly, in every case, each party attempts to introduce evidence that causes prejudice to the other party." *Waknin v Chamberlain*, 467 Mich 329, 334 (2002). "'Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403.'" *Id.*, quoting *People v Mills,* 450 Mich 61, 75-76 (1995) (emphasis added). MRE 403 "is not designed to permit the court to 'even out' the weight of the evidence . . . or to make a contest where there is little or none." *Waknin*, 467 Mich at 334 (citation omitted). Instead, the rule only prohibits evidence that is *unfairly* prejudicial. "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Crawford*, 458 Mich 376, 398 (1998).

The evidence in the present case was not merely marginally probative. As explained above, the fact that defendant wrote a story about an adult male having sexual relations with minor children helped refute defendant's claim that the complainant was mistaken about the touching or, if the touching did take place, that it was accidental. It also shed light on defendant's intentions. Furthermore, the trial court did a thorough job of instructing the jury regarding the limited proper purposes of the "other acts" evidence. As the trial court explained to the jury:

You've heard evidence that was introduced to show that the defendant committed a crime or improper acts for which he is not on trial. If you believe this evidence, you must be very careful only to consider it for certain purposes. You may only think about whether this evidence tends to show that the defendant had a reason to commit the crime; that the defendant specifically meant to have touched [the complainant] for sexual purposes; that the defendant acted purposefully — that is, not by accident or mistake, or because he misjudged the situation . . . . You must not consider this evidence for any other purpose. For example, you must not decide that it shows the defendant is a bad person or that he is likely to commit crimes. You must not convict the defendant here because you think he is guilty of other bad conduct. All the evidence must convince you beyond a reasonable doubt that the defendant committed the alleged crime, or you must find him not guilty.

Finally, again contrary to the dissent's contention, the prosecutor's case was not "weak." The complainant was unequivocal in her testimony concerning who touched her and where she was touched, and another witness testified that defendant had sexually abused her in a similar fashion when she was younger. Given this evidence, even assuming that the trial court *did* abuse its discretion in admitting the story — and I do not believe the court did — defendant has not satisfied his burden of demonstrating that it is more probable than not that the admission of the story was outcome determinative. *People v Lukity*, 460 Mich 484 (1999).

CAVANAGH, J. (*dissenting*).

I would reverse the judgment of the Court of Appeals and remand for a new trial for the reasons stated by the Court of Appeals dissent. I agree with the dissent that the trial court abused its discretion in admitting defendant's "sex manual" at trial, and the error in admitting the manual was not harmless, especially in light of the weaknesses in the prosecution's case.

HATHAWAY, J., joins the statement of CAVANAGH, J.

MARILYN KELLY, J. (*dissenting*).

I disagree with the decision to deny defendant's application for leave to appeal. The Court of Appeals dissent was correct in concluding that the trial court abused its discretion in admitting defendant's fictitious story in evidence at trial. And the error was not harmless. Hence, I would reverse the lower courts' decisions and remand this case for a new trial.

Defendant was charged with one count of CSC-I and one count of CSC-II based on allegations that he touched the complainant's chest and penetrated her anus. Complainant, his granddaughter, was nine years old when she testified at trial. She stated that once, when visiting defendant's house, she sat on defendant's lap while watching a movie in the living room. She claimed that, while she was on his lap, defendant touched her "back butt" with his "front butt."[1] She testified that she did not remember what defendant's "front butt" felt like and that she did not recall what she was wearing.[2] She confirmed on two occasions during cross-examination, however, that defendant had his pants on when his "front butt" touched her "back butt."

The complainant also testified that defendant touched her "boobs" with his hands over her clothes. She testified that this happened only once and that defendant did not touch her body with his hands at any other place. She did not recall how defendant touched her breasts, but she was quite definite that he did not touch her "front butt."

Before trial, the prosecutor filed a notice of intent pursuant to MRE 404(b)(2) to present evidence of a fictional pornographic story that defendant had written. The trial court ruled that the story was admissible. Giving little analysis, it found that the story was relevant to intent, motive, absence of mistake or accident, and to refute fabrication.

The fictional story defendant wrote is very graphic. It depicts teenagers engaging in sexual behavior and incest. It begins with a teenage brother, sister, and female cousin performing sex acts with each other. Later, the father/uncle character also engages in sex acts with the two teenage girls. The story is highly prejudicial.

The prosecutor brought it up on multiple occasions during trial. Not only did she ask every witness about the story, she quoted lengthy portions of it both during her opening statement and during her closing argument. She had a police detective reread a portion of the story to the jury. She told the jury that the story was a "window into defendant's mind."

The jury convicted defendant as charged. The trial court sentenced him to 20 to 40 years in prison. Defendant appealed to the Court of Appeals, which affirmed his

---

[1] She explained that her "front butt" is where she goes pee and her "back butt" is where she goes poop. When asked if her "back butt" had an inside and an outside, she responded, "Yes." When asked what part of her "back butt" defendant's "front butt" had touched, she responded, "the inside."

[2] At one point she testified that she had clothing on when the incident occurred. Later, she stated that she had a towel wrapped around her.

convictions in an unpublished per curiam opinion.[3] Judge Gleicher dissented. We granted defendant's application for leave to appeal.[4]

The key issue on appeal was whether defendant's fictional story was properly admitted in evidence. We review decisions admitting evidence for an abuse of discretion.[5] The trial court admitted the story as other-acts evidence pursuant to MRE 404(b)(1), which states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

The Court of Appeals majority concluded that defendant's story did not fall within the scope of MRE 404(b).[6] The dissent disagreed. And at oral argument before this Court, counsel for the prosecution conceded that the Court of Appeals erred in failing to analyze this case under that rule.

In *People v VanderVliet*,[7] this Court articulated a four-part test for evaluating when evidence of past misconduct is admissible:

> First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value of the evidence is not substantially outweighed by unfair prejudice . . . .[8]

Review of the trial court's decision to admit defendant's fictional story as evidence should be made under this Court's *VanderVliet* test.

The prosecutor offered the story to show that defendant acted in conformity with what he wrote. According to the prosecutor, the story was offered to prove that, if or

---

[3] *People v Novak*, unpublished opinion per curiam of the Court of Appeals, issued January 26, 2010 (Docket No. 284838).

[4] *People v Novak*, 486 Mich 1068 (2010).

[5] *Dep't of Transportation v Vanelslander*, 460 Mich 127, 129 (1999).

[6] *Novak,*unpub op at 2.

[7] 444 Mich 52 (1993).

[8] *People v VanderVliet*, 444 Mich 52, 55 (1993).

when defendant touched the complainant's chest, he did so with a sexual intent. Indeed, the story was necessary to prove defendant's intent regarding the CSC-II charge because it was the only evidence showing that the alleged touching was done for sexual gratification.

But the purpose for which the evidence was offered was not proper under Rule 404(b). It did not evidence motive, opportunity, intent, preparation, scheme, plan, or system in doing the acts complained of. It did not evidence knowledge, identity or absence of mistake or accident. It did not refute fabrication. Instead, the prosecutor repeatedly used the story as a springboard for broad inferences about defendant's bad character. For example, she questioned the only defense witness at length about the story. In over four pages of trial transcript, the prosecutor attempted to get the witness to conflate the authorship of the story with a general character flaw.

The prosecutor's use of the story shows that she intended it as character evidence designed to convict defendant for what he wrote. In describing the story as "a window into the defendant's mind," she specifically and improperly suggested to the jury that defendant possessed a morally repugnant character and a lustful disposition. The only fact that the story tended to prove was that defendant had a preoccupation with incestuous relationships.

In order for evidence to be properly admitted under Rule 404(b), the probative value of the evidence must not be substantially outweighed by unfair prejudice.[9] In this case, the danger of unfair prejudice substantially outweighed the probative value, if any, of defendant's story.

I question the story's probative value. Many people write fictional fantasies but never act them out. In this case, defendant's fictional story does not track the acts he was accused of performing. As the Court of Appeals dissent observed:

> [V]irtually no similarities exist between the sexual acts described in the story and the acts of criminal sexual conduct that defendant allegedly inflicted on [the complainant]. The children described in the story were at least 16-years-old, and most of the story detailed sexual relationships among the children, rather than between the father and his children.[10]

---

[9] *Id.*

[10] *Novak,* unpub op at 6 (Gleicher, J., dissenting). Notwithstanding the fact that most of the story detailed sexual relationships among the children, the prosecutor purposefully chose to focus on a more inflammatory portion of the story involving sexual acts between the father and his teenage daughter.

Thus, the probative nature of the evidence is at best very limited.

On the other hand, the substance of the story was overwhelmingly prejudicial. Judge Gleicher opined that the story

> . . . is a clumsily written, sexually explicit, generally repulsive document that lacks literary or artistic merit. Indisputably, a high likelihood existed that the manual would transgress most of the jurors' norms of decency and morality. The danger of unfair prejudice attending this document far outweighed whatever marginal probative value it may have possessed.[11]

I believe that the trial court abused its discretion by failing to exclude defendant's fictional story on the basis that its extremely prejudicial nature completely overwhelmed any minimal probative value.

Since the trial court erred in admitting the story as evidence, it must be determined whether the error was outcome determinative.[12] I believe that it was. Absent the story, the prosecutor's case was weak. The primary witness against defendant was the nine-year-old complainant whose testimony was far from clear. In fact, it was the inherent weakness of her account of events that prompted the prosecutor to rely on defendant's inflammatory fictional story to persuade the jury of defendant's guilt. Accordingly, I would reverse the judgment of the Court of Appeals and remand the case for a new trial.

---

[11] *Id.* at 7 (Gleicher, J., dissenting).

[12] *People v Feezel*, 486 Mich 184, 192 (2010).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 3, 2011

_____
Clerk

t0531